IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHAD BERRY,                          )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CASE NO. 1:20-CV-227-KFP
                                     )
KILOLO KIJAKAZI,[1]                  )
Acting Commissioner of Social Security )
                                     )
        Defendant.                   )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chad Berry, seeks judicial review of the Social Security Administration's decision denying his application for Disability Insurance Benefits. The undersigned concludes, based on review and consideration of the record, briefs, applicable regulations, and caselaw, this matter is REVERSED and REMANDED to the Commissioner for further consideration.

## I.    STANDARD OF REVIEW

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin*

---

[1] Kilolo Kijakazi is now the Acting Commission of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See also* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.   FACTUAL BACKGROUND

Plaintiff was 44 years old when the Administrative Law Judge ("ALJ") rendered a decision finding Plaintiff not disabled. R. 20–21. Plaintiff has previously worked as a tagger, bagger, stacker, peanut sorter, garbage collector, and kitchen helper. R. 20. On February 13, 2017, Plaintiff was allegedly injured while stacking boxes at Gulf States Cold Storage. R. 59. He filed for disability the following day, alleging disability based on degenerative disc disease of the neck and back and mental limitations. R. 10.

On May 17, 2017, Plaintiff's initial application was denied. R. 10. Plaintiff requested a hearing before an ALJ. R. 111–12. The ALJ held a hearing (R. 32–70), and issued a decision on June 26, 2019, finding Plaintiff not disabled. R. 10–21. Plaintiff sought review. R. 193–94. The Appeals Council thereafter denied Plaintiff's request on February 21, 2020, making the Commissioner's final decision ripe for judicial review. R. 1–9; *see* 42 U.S.C. § 405(g).

## III.   THE ALJ'S DECISION

The ALJ determined Plaintiff has severe impairments of "degenerative disc disease of the lumbar spine with radiculopathy, degenerative disc disease of the cervical spine, psychotic disorder, and mild intellectual impairment[,]" but that he does not meet the

Listing of Impairments in 20 C.F.R § 404, Subpart P, Appendix 1, § 1.04(A). R. 13. The ALJ also determined Plaintiff has the residual functional capacity ("RFC") to perform unskilled, light work[2] with certain exertional limitations.[3] R. 15. In determining Plaintiff's RFC, the ALJ disregarded restrictions imposed by Benjamin McKenzie, a physician assistant, and evaluated Plaintiff's statements regarding pain against the other evidence. R. 15–16. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were other jobs in the national economy that Plaintiff could perform, such as a final assembler, table worker, or eyeglass assembler. R. 20–21. Accordingly, the ALJ found that Plaintiff had not been under a disability from his alleged onset date of February 13, 2021, through the date of the ALJ's decision on June 26, 2019. R. 21.

## IV.   DISCUSSION

Plaintiff presents three arguments for review: (1) the ALJ erred in finding that his conditions do not meet or equal Listing 1.04(A); (2) the ALJ failed to properly determine Plaintiff's RFC based on opinion evidence; and (3) the ALJ failed to properly assess Plaintiff's subjective complaints.

### A.  The ALJ Incorrectly Evaluated Listing 1.04(A).

At step three of the sequential evaluation process, the Commissioner determines

---

[2] 20 C.F.R. § 404.1567(b) states "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."

[3] The ALJ found that Plaintiff had the RFC to "lift/carry and push/pull twenty pounds occasionally and ten pounds frequently; stand/walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday." R. 15.

whether the plaintiff's medical conditions meet or equal a listed impairment and meets the durational requirement. *See* 20 C.F.R.  404.1520(a)(4)(iii), (d). To satisfy Listing 1.04(A), the following is required:

> Disorders of the spine, resulting compromise of a nerve root (including the cauda equine) or the spinal cord. With: A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involved of the lower back, positive straight-leg raising test.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Plaintiff was diagnosed with degenerative disc disease, which is a disorder of the spine. *See Carpenter v. Comm'r of Soc. Sec.*, 614 F. App'x 482, 488 (11th Cir. 2015). However, the ALJ determined that Plaintiff did not meet Listing 1.04(A) because "there is no evidence of motor loss accompanied by sensory or reflex loss."[4] R. 13. The record shows that, throughout treatment, Plaintiff periodically displayed muscle weakness[5] (R. 403–04, 436, 471, 483, 491), a decreased range of motion (R. 378, 490–91), a positive straight leg raise on one occasion (R. 481), and slightly diminished reflexes on two other occasions. R. 481,[6] 491. Therefore, although Plaintiff had a normal range of motion and normal reflexes on several

---

[4] Plaintiff was diagnosed with disc herniations with "mass effect on the exiting right C6 nerve root" (R. 382, 399, 401, 430) and argues that this constitutes evidence of a compromised nerve root or nerve root compression, as required by Listing 1.04(A). R. 13. The Court need not resolve this issue because, even if Plaintiff is correct, the Listing still requires motor loss accompanied by sensory or reflex loss. Thus, the Court must determine whether the ALJ's determination in that regard is supported by substantial evidence. Because the Court concludes for other reasons explained *infra*, that remand is necessary, the ALJ should also review and resolve the nerve root compression issue on remand.
[5] Because Listing 1.04(A) defines "motor loss" as "atrophy with associated muscle weakness *or muscle weakness*," Plaintiff's muscle weakness constitutes motor loss. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A) (emphasis added).
[6] This record states that Plaintiff had "no significant reflex abnormalities," suggesting that there may have been *some* reflex abnormalities.

occasions (R. 481, 533), the ALJ's finding of "no evidence of motor loss accompanied by sensory or reflex loss" is incorrect. Beyond this single, incorrect statement of fact, the ALJ failed to further explain her reasons for concluding that Plaintiff failed to meet the Listing.

The Commissioner argues that Plaintiff must satisfy each Listing requirement for the requisite time. Doc. 18 at 1. While this may be an accurate statement of the Listing requirement, it is unclear to the Court if the ALJ concluded (i) erroneously, as the statement suggests, Plaintiff never suffered motor loss or, instead, (ii) as the Commissioner seems to suggest, Plaintiff did not have motor loss of a sufficient duration.[7] Thus, the Court cannot ascertain whether the ALJ appropriately evaluated the Listing requirement. An ALJ is required to articulate her reasons for determining that Plaintiff's impairment does not meet the Listing, and failure of an ALJ "to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted" mandates reversal. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Because the ALJ articulated only one, factually incorrect reason for her conclusion that Plaintiff failed to meet a Listing requirement, with no discussion of the remaining requirements, the Court is unable to determine whether the ALJ properly considered Plaintiff's impairment under Listing 1.04(A).[8]

---

[7] The Court recognizes the possibility the ALJ may ultimately conclude there is insufficient evidence Plaintiff's impairments existed for the required duration. However, on this record, the ALJ's vague, erroneous statement fails to address this requirement at all. *Ingram*, 496 F.3d at 1260.

[8] The Court need not address the remaining issues given that reversal is necessary. *See Diorio v. Heckler,* 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 (11th Cir. 2015) (unpublished) (recognizing that there is no need to analyze other issues when case must be reversed due to other dispositive errors). The Court notes, however, that the ALJ should, upon remand, review whether Benjamin McKenzie's restrictions were adopted by a

**V.      CONCLUSION**

For the reasons set forth above, it is ORDERED as follows:

1.      This matter is REVERSED and REMANDED to the Commissioner for additional proceedings consistent with this opinion.

2.      A final judgment will be entered separately.

 DONE this 30th day of March, 2022.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

---

treating physician requiring explanation for discounting a treating source opinion or, instead, the restrictions placed by Mr. McKenzie were those from an "other source" entitled to no weight or explanation.